**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-05628 JAK (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Hubert Bailey, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT    JS-6

### I. Background

On April 2, 2013, the Federal National Mortgage Association ("Plaintiff") filed an Unlawful Detainer action in the Los Angeles County Superior Court against Hubert Bailey and Does 1-10 ("Defendants") seeking possession of the property located at 127 West 111th Place, Los Angeles, CA 90061. Dkt. 1, Exh. 1. On August 5, 2013, Defendants removed the action to this Court. Dkt. 1. For the reasons stated in this Order, the action is REMANDED, and attorney's fees in the amount of $800 are AWARDED to Plaintiff.

### II. Analysis

a. Motion to Remand

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine whether it has subject matter jurisdiction before reaching the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A review of the pleadings in this matter shows that there is no federal jurisdiction on any applicable ground.

*First,* federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (internal quotations and citations omitted). Here, Plaintiff's Unlawful Detainer complaint does not contain a cause of action that arises under federal law. This is because Unlawful Detainer actions, which concern the right to the possession of real property, arise under state law. Cal.Code. Civ. P. § 1161(a).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-05628 JAK (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Hubert Bailey, et al. | | |

*Second,* there is no diversity jurisdiction over this action. Such jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, the face of the Unlawful Detainer complaint seeks damages of "less than $10,000." Dkt. 7, p. 8. Therefore, the amount in controversy does not meet the required amount for diversity jurisdiction. Further, 28 U.S.C. § 1441(b)(2) prohibits removal on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Defendant Hubert Bailey is a citizen of California. Mot. to Remand, Ex. 1, Dkt. 7. Accordingly, even if the threshold amount for diversity jurisdiction were satisfied, removal on the basis of diversity jurisdiction would be improper.

*Third,* the Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1443. Removal under 28 U.S.C. § 1443 is proper only when the removing party can meet a two-part test: "[f]irst, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Here, the Notice of Removal fails to identify any particular statute protecting equal racial civil rights that Defendants will seek to assert as a defense to the Unlawful Detainer action. In addition, Defendants do not identify any particular state statute or constitutional provision that supports the allegation that their civil rights will not be protected in the Superior Court during Unlawful Detainer proceedings. Defendants appear to assert that the procedures of non-judicial foreclosure have deprived them of their rights. But, this allegation is insufficient to support removal jurisdiction pursuant to 28 U.S.C. § 1443.

*Finally*, the notice of removal was not timely filed. The removing party must file a removal notice within 30 days of receiving a copy of the complaint. 28 U.S.C § 1446(b). Defendant was served with the complaint on April 5, 2013. Dkt. 7, Exh. 2. The notice of removal was not filed until August 5, 2013. Dkt. 1. Because more than 30 days elapsed between service of the complaint and the filing of the notice of removal, the notice of removal was untimely.

  b. Request for Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Attorney's fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

For the reasons stated above, Defendants had no objectively reasonable basis to remove this action. Plaintiff filed a standard Unlawful Detainer action. The complaint pleads a state law cause of action, and seeks only possession of real property and damages of less than $10,000. The applicable law regarding removal under 28 U.S.C. § 1443 has long been settled. Moreover, the 30-day window for filing a Notice of Removal is clearly stated in 28 U.S.C. § 1446, yet Defendants filed the Notice of Removal after the window had closed. In short, Defendants' conduct was a transparent, strategic effort to delay the Unlawful Detainer proceedings so that they could seek to maintain possession of the real property for as

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-05628 JAK (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Hubert Bailey, et al. | | |

long as possible.

Plaintiff requests attorney's fees and costs incurred in filing this motion in the amount of $2,320. Dkt. 7, p. 10. Plaintiff's counsel has submitted a declaration in support of the request for attorney's fees and costs. Dkt. 7, p. 11-12. She states that her billing rate is $200 per hour. *Id.* She further states that she has conducted approximately 6.6 hours of work in connection with this action, including drafting the Motion to Remand, the Ex Parte Application, and declarations and orders in support thereof. *Id.* She anticipates that she or a colleague will spend an additional 5 hours preparing for and attending hearings on the matter. *Id.* Because there will be no hearing, the 5 anticipated hours will not be incurred. Further, given the frequency with which the issues presented in this matter have been litigated in recent years, the Court is not persuaded that all of the hours devoted to this matter should be awarded, *i.e.,* a request for all of the claimed hours exceeds a reasonable fee request. Instead, the Court awards fees in the amount of $800 for four hours of services at $200 per hour.

### III. Conclusion

Because this Court does not have jurisdiction over this Unlawful Detainer action, the matter is REMANDED to the Los Angeles County Superior Court, Stanley Mosk Courthouse, Case No. 13U03935. Defendant is ordered to pay attorney's fees in the amount of $800 to Plaintiff within 30 days of the issuance of this Order.

**IT IS SO ORDERED.**

                                                                                                                                                       : 

Initials of Preparer     ak